UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL DEAN ROACH, § | | |
| No. 904159, § | | |
| Petitioner, § | | |
| § | | |
| v. § | NO. 3:05-CV-2439-P | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent.¹ § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner Paul Dean Roach ("Roach" or "Petitioner") is confined at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Iowa Park, Texas. Respondent is the Director of the TDCJ-CID.

**Statement of the Case:** On August 19, 1999, in the 382nd District Court in Rockwall County, Texas, Petitioner pled guilty in cause number 2-92-247 to the offense of burglary of a habitation

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named the Director of the Texas Department of Criminal Justice. The caption is being changed pursuant to Fed. R. Civ. P. 25(d).

pursuant to a plea bargain with the State. The trial court judge found him guilty of the offense and deferred sentencing until after a pre-sentence investigation report could be prepared. However, on August 26, 1999, the state withdrew its plea recommendation. Thereafter, on December 6, 1999, Petitioner pled not guilty to the offense and waived his right to a jury trial. After a bench trial on the same day, the trial court judge found Roach guilty and sentenced him to twenty-five years imprisonment.

Petitioner filed a pro se notice of appeal on February 29, 2000, 85 days after judgment was entered.[2] The Fifth District Court of Appeals dismissed Roach's appeal for want of jurisdiction on September 13, 2000, because his notice of appeal was untimely.[3] *Roach v. State*, No. 05-00-00522-CR (Tex. App.-Dallas Sept. 13, 2000). On May 19, 2003, pursuant to Texas Code of Criminal Procedure article 11.07, Roach filed a habeas application wherein he alleged that his trial attorney failed to inform him of his appellate rights and the deadlines for requesting appellate relief. *Ex parte Roach*, Appl. No. 56, 457-01 at 7, 12. On October 1, 2003, the Texas Court of Criminal Appeals remanded the application to the trial court for an evidentiary hearing. *Ex parte Roach*, Appl. No. 56, 457-01 at cover. The trial court held an evidentiary hearing on November 25, 2003, and determined that trial counsel failed to inform Roach that he had: (1) a right to court appointed counsel on appeal, (2) a right to an appellate record, without cost to him if he was indigent, and (3) 30 days from the date of judgment to file an appeal. The court also found that trial counsel failed to take "any action" which would have preserved Petitioner's

---

[2] Petitioner's counsel also filed a notice of appeal on March 29, 2000. (Clerk's R. v. 1. at 30.)

[3] Because Petitioner did not file a motion for new trial, his notice of appeal was due on January 5, 2000. *See* Tex. R. App. P. 26.2(a)(1).

appellate rights or extended his deadline for filing an appeal.  Based on the trial court's findings of fact and conclusions of law, the Court of Criminal Appeals subsequently granted habeas corpus relief on February 18, 2004, and granted Roach the right to file an out-of-time appeal.  *Ex Parte Roach*, No.  74, 898 at 1-2.

On March 9, 2004, Petitioner's appointed counsel filed a motion for new trial and a notice of appeal.  The Fifth District Court of Appeals affirmed the original judgment of the trial court on November 23, 2004.  *Roach v.  State*, No.  05-04-00463-CR (Tex.  App.-Dallas Nov. 23, 2004).  Petitioner filed a petition for discretionary review ("PDR") on January 14, 2005, which was refused by the Texas Court of Criminal Appeals on May 25, 2005.

Roach filed a second article 11.07 habeas application on August 29, 2005, wherein he alleged that there was no evidence or insufficient evidence to support his conviction.  *Ex parte Roach*, Appl.  No.  56, 457-02 at 5.  The Court of Criminal Appeals denied the application without written order on November 23, 2005.  *Ex parte Roach*, Appl.  No.  56, 457-02 at cover.

Petitioner filed the instant petition on December 6, 2005.[4]  On February 13, 2006, Respondent filed his answer contending that Petitioner's claims are time-barred, procedurally barred and, in the alternative, without merit.  Roach filed a traverse on April 20, 2006.

**Findings and Conclusions:**  Review of Roach's claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") because he filed his § 2254 petition

---

[4] Under the "mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers it to prison officials for mailing to the district court.  *Spotville v.  Cain*, 149 F.3d 374, 378 (5th Cir.  1998).  Roach signed his federal habeas petition on December 6, 2005.  It was filed stamped on December 12, 2005.  For the purposes of the recommendation, it is assumed that Roach placed his § 2254 petition in the prison mail system on the date he signed his petition.

after the effective date of the AEDPA. 28 U.S.C § 2241 et seq. (1996). The petition is thus subject to a one year statute of limitations. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D).

The running of the limitations period is tolled for the time during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

The Fifth Circuit addressed the issue of when a state court judgment becomes final pursuant to § 2244(d)(1)(A) where the Texas Court of Criminal Appeals granted a state prisoner's application to file an out-of-time appeal in *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004). Although the Court recognized that such relief in effect restored the petitioner's right to direct review of the conviction within the Texas judicial system, this fact did not require a federal court to restart the running of the AEDPA's limitations period altogether, noting that it was pursuant to a "collateral attack" on the conviction that relief in the form of an out-of-time appeal was obtained. The court concluded that, "because [the petitioner's] right to file the

4

'out-of-time' PDR is necessarily the product of state habeas review, it does not arise under the 'direct review' procedures of the Texas judicial system." *Id.* at 431.[5]

Accordingly, the Court of Criminal Appeals' granting of Petitioner's first state habeas application does not alter the fact that the one-year statute of limitations began to run on January 6, 2000,[6] and fully lapsed one year later on January 8, 2001.[7] Petitioner's second application for habeas relief did not toll the limitations period under § 2244(d)(2) because it was filed after the limitations period expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Roach filed his federal petition on December 6, 2005, well after the expiration of the one-year limitations period.

---

[5] Although *Salinas* involved the granting of an out-of-time petition for discretionary review in the Texas Court of Criminal Appeals, its holding is equally applicable to cases involving the granting of out-of-time appeals to the intermediate appellate courts of Texas. *See Powell v. Dretke*, No. 3:03-CV-2631-P, 2004 WL 389094, at *2 (N.D. Tex. Feb. 26, 2004) (Sanderson, M.J.), adopted by Order (Mar. 9, 2004) (Solis, J.) (holding that the reasoning in *Salinas* applies to the granting of an out-of-time appeal to the intermediate appellate court); *McDuffie v. Dretke,* No. Civ.A. 5:03-CV-131-C, 2004 WL 594109, at *2 (N.D. Tex. Mar 5, 2004) (same).

[6] The limitations period began running thirty days after the trial court's judgment because "the period of the pendency of a direct appeal dismissed for lack of jurisdiction because the appeal itself is untimely, cannot be counted as part of the time before 'the judgment became final by the conclusion of [direct] review' under § 2244(d)(1)(A)." *Kessinger v. Cockrell*, No. 4:02-CV-0863-A, 2003 WL 22056005, at *4 (N.D. Tex. Feb. 11, 2003); *see also* Tex. R. App. P. 26.2(a) (criminal defendant has thirty days in which to perfect an appeal); *Roach v. State*, No. 05-00-00522-CR (holding that the deadline for filing an appeal expired on January 5, 2000); Fed. R. Civ. P. 6(a) (noting that "[i]n computing any period of time prescribed or allowed by...any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included").

[7] The one year limitations period expired on January 6, 2001. However, because that date fell on a Saturday, the limitations period was extended to the following Monday, January 8, 2001. *See* Fed. R. Civ. P. 6(a); *Flanagan v. Johnson*, 154 F.3d 196, 200-01 (5th Cir. 1998) (applying Rule 6(a)).

In his Traverse, Roach requests this court to toll the limitations period because his initial appeal was dismissed "through no fault of the petitioner"-i.e. his attorney failed to inform him of his right to an appeal and the procedures for filing such an appeal.  While the AEDPA's limitations period may be equitably tolled under "rare and exceptional" circumstances, *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), the Fifth Circuit has held that "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified," *Salinas*, 354 F.3d at 432 (quoting *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002)).  As Petitioner has not raised any other basis for equitable tolling, *see id*. at 848, his petition is time-barred.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the district court dismiss the petition as time-barred.

Signed this 8th day of August, 2006

                                    _____
                                    Wm. F. Sanderson Jr.
                                    United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.